New York Marine Court.

*General Term—April,* 1878.

## WILLIAM H. WELDING, PLAINTIFF AND RESPONDENT, *against* WEBSTER WAGNER, PRESIDENT, &C., DEFENDANT AND APPELLANT.

A sleeping car company is neither an innkeeper, nor a common carrier, and, in the absence of negligence, incurs no liability for the loss of the property of its patrons.

*Frank Loomis,* counsel for appellant.

*O. S. X. Peck,* counsel for respondent.

McADAM, J.—This action is brought to recover moneys expended by the plaintiff in the recovery of certain personal property lost by or stolen from him while occupying a compartment in a railway sleeping car, let to him by the joint stock company of which the defendant was president, the business of said company being to furnish sleeping accommodations to railway passengers.

That defendants were innkeepers is not claimed by respondent's counsel, nor could such claim be made successfully. An "innkeeper," says Judge STORY, may be defined " to be the keeper of a common inn for the lodging and entertainment of travelers and passen-

gers, their horses and attendants, for a reasonable compensation" (*Story on Bailments*, § 475). Innkeepers are held to a strict liability for the goods of their guests. They are responsible for all loses occurring through the acts or omissions of their servants, or the dishonesty of their guests. In return for this liability, they are accorded peculiar privileges,—*e. g.*, they are entitled to a lien for the amount due them from guests on the personal goods of the latter. It is manifest that defendants' company does not come within the foregoing definition of an "innkeeper," and there can be no better test of this than asking the question : Would it have been entitled to a lien on the personal effects of the plaintiff, had he failed to pay for his berth in advance ? Neither can it be, nor is it claimed, that the sleeping car company were common carriers, and, as such, responsible for all losses not occurring through the act of God or the public enemies. Their contract is not to carry either goods or passengers, but to furnish sleeping accommodations to passengers carried by another and independent company.

Defendants' company, more nearly than anything else, resembles a lodging-house keeper (*Story on Bailments*, § 475 ; *Edwards on Bailments*, 392 ; citing Calye's case, 8 *Coke*, 32). They agree to furnish a sleeping place in a railroad car where it is known other passengers, strangers alike to the company and to each other, are to be admitted. To hold them insurers against the acts of all whom they may receive into their apartments, would be like holding a common lodging-house keeper liable, at all events, for a theft committed by one lodger upon the property of another occupying the same or a contiguous room. If the company was neither an innkeeper nor a common carrier it is clear that, in the absence of negligence, it incurs no liability for a loss of the property of its patrons (See Pullman Palace Car Company *v.* Smith, 73 *Ill.* 360). Now, un-

Welding *v.* Wagner.

less negligence on the part of the company be a neces-
sary inference from the mere fact of a theft, or loss of
the plaintiff's property, it is manifest that the case
affords no proof of negligence. Negligence, consisting,
as it always must, of a wrongful act or omission, where
it is an essential element in a cause of action, can never,
in the absence of proof, be presumed. The presump-
tion is that all men do their duty, and it requires affirm-
ative proof to rebut that presumption. The mere fact
of an injury having been suffered is not enough to
establish a charge of negligence (*Sherman & Redfield
on Neg.* § 5). "No submission of an action for negli-
gence to a jury," say the court of appeals (Baulec *v.*
New York & H. R. R. Co., 59 *N. Y.* 356), "is authorized
where a plaintiff's evidence is equally as consistent with
the absence as with the existence of negligence, as in
such case the evidence fails to establish negligence." In
Welsh *v.* Pullman Palace Car Co. (16 *Abb. Pr. N. S.*
352), it was laid down by the superior court of Buffalo
at general term that "the liability of a palace car com-
pany to passengers for loss of articles which the pas-
sengers carry with them into the car, is not, in the
absence of special contract, any greater than that of
any other carrier of passengers," and that "such com-
panies are not to be held to the strict liabilities of
innkeepers." The duties and liabilities of carriers of
passengers, with respect to the goods of travelers, are
well defined. The luggage actually delivered to the
carrier, provided it be not unreasonable in amount, is
insured to be safely delivered on demand, while as to
articles of which the traveler himself retains the cus-
tody, the carrier is held to no responsibility unless
negligence can be shown (Tower *v.* Utica and Schenec-
tady R. R. Co., 7 *Hill*, 47 ; Tally *v.* Great Western R.
R. Co., 6 *L. R. C. P.* 44). In short, it is apparent, I
think, upon authority and principle, that in the ab-
sence of some affirmative proof of negligence on the

part of the defendant's company or its employees, there was no right of action shown in the plaintiff. No such proof is shown in this case. For this reason the motion of defendant to dismiss the complaint should have been granted, and its refusal was error, for which the judgment should be reversed and a new trial ordered. This view of the case renders unnecessary the examination of the other questions.

Ordered accordingly.

SHEA and GOEPP, JJ., concurred.